IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BENEFITS DATA TRUST, | ) | Case No. 24-13656-AMC |
| | ) | |
| Debtor. | ) | |
| | ) | |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF DUANE MORRIS LLP AS COUNSEL TO THE
CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(A)**

By this application (the "Application"), Lynn E. Feldman, Esquire (the "Trustee"), the court-appointed chapter 7 trustee for the estate of Benefits Data Trust (the "Debtor"), the debtor in the above-captioned chapter 7 case (the "Bankruptcy Case"), respectfully requests the entry of an order, in substantially the form attached hereto as **Exhibit A**, authorizing and approving the Trustee's employment and retention of Duane Morris LLP ("Duane Morris") as her counsel pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Trustee submits the *Declaration of Lawrence J. Kotler* (the "Kotler Declaration"), a true and correct copy of which is attached hereto as **Exhibit B**. In further support of this Application, the Trustee respectfully represents as follows:

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408–09.

4. The statutory predicates for the relief sought herein are 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a).

## BACKGROUND

5. On October 11, 2024, the Debtor filed a voluntary petition under chapter 7 of title 11 of the U.S. Code (the "Bankruptcy Code") [Dkt. No. 1].

6. On October 15, 2024, the Court appointed the Trustee as the interim chapter 7 trustee for the Debtor and its estate [Dkt. No. 6].

7. Based upon her limited review of the documentation produced in this case and in anticipation of the various tasks that the Trustee will need to accomplish during her tenure as the chapter 7 trustee, the Trustee believes it will be necessary to engage legal counsel to aid her in the administration of the estate.

## RELIEF REQUESTED

8. By this Application, the Trustee respectfully seeks authority to retain and employ Duane Morris as her legal counsel in the Bankruptcy Case pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF REQUESTED

9. The Trustee has selected Duane Morris because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights generally. In addition, the Trustee believes that Duane Morris possesses the requisite integrity, skill, intelligence, and familiarity with proceedings under the Bankruptcy Code to enable its attorneys to perform professional services beneficial to the Trustee and to the creditors of this estate. Duane Morris's Business Reorganization and Financial Restructuring Practice Group is one of the largest restructuring groups in the country. Duane Morris attorneys have played significant roles representing various constituencies in many large and complex cases throughout the United States and has (and continues to) represent other Chapter 7 Trustees before this Court.

10. The professional services that Duane Morris proposes to render to the Trustee in the Bankruptcy Case include, without limitation:

    a. To assist the Trustee in taking any and all actions necessary and appropriate to protect and preserve the Debtor's estate;

    b. To assist the Trustee in conducting a general examination of the acts, conduct, and property of the Debtor and its estate and of any other person or persons who may be shown to have knowledge of the existence, whereabouts, or value of the assets of the estate or any information or knowledge concerning the assets of any claims asserted against the estate;

    c. To assist the Trustee in her examination of the claims filed against the estate and to prepare, file, and litigate objections thereto as the Trustee may deem necessary;

    d. To defend, as necessary, any and all claims asserted against the estate and to negotiate on behalf of the estate amicable resolutions, if possible, of such disputes;

    e. To prepare and review, on behalf of the Trustee, any necessary applications, motions, answers, orders, reports, and other legal papers related to the foregoing duties;

    f. To prepare, pursue and litigate potential third party claims and/or avoidance claims the estate may have;

    g. To appear in Court on behalf of the Trustee in connection with the foregoing duties;

    h. To advise the Trustee generally on all other matters which might arise during the pendency of the Bankruptcy Case, including, without limitation, advising the Trustee on certain non-bankruptcy issues including, without limitation, the pending criminal investigation against some of the Debtor's former principals as well as advising the Trustee on retirement and employee benefit issues; and

        i.      To perform all other legal services on behalf of the Trustee that may be necessary during the pendency of the Bankruptcy Case.

11.     Duane Morris has stated its willingness to act in the Bankruptcy Case and render the necessary professional services as Trustee's counsel.

12.     Subject to the Court's approval, Duane Morris will charge the estate for its legal services on an hourly basis in accordance with its ordinary and customary rates in effect on the date services are rendered, and the Trustee submits that such rates are reasonable. In the normal course of business, Duane Morris revises its hourly rates from time to time. Because the fees: (a) are based on hourly rates and will correspond to the degree of effort expended on the Trustee's behalf; and (b) are Duane Morris' usual and customary rates for services of this nature, the Trustee believes that the terms and conditions of Duane Morris' employment are reasonable.

13.     The Trustee is informed and believes that the normal billing rates of Duane Morris at the time of this Application range from $525 to $1,125 per hour,[1] depending on the skills and seniority of the attorneys, paralegals, and legal assistants performing the legal services. A list of said professionals is annexed hereto as **Exhibit C** and incorporated herein by reference.[2] It is contemplated that said attorneys and professionals will seek compensation based upon normal and usual billing rates in effect as of the date legal services are rendered. It is further contemplated that said attorneys and professionals may seek interim compensation during the case, as is permitted by 11 U.S.C. § 331.

---

[1] The hourly rates vary from person to person based on, among other things, the professional's level of experience and the rates customarily charged by professionals of a similar level of experience in the location of the office in which the professional at issue is in residence. These rates may change from time to time, usually on January 1 of each calendar year, in accordance with Duane Morris's established billing practices and procedures.

[2] Other attorneys, paralegals, and legal assistants may from time to time serve the Trustee in connection with the matters described herein.

4

DMADMIN\6487160.1

14. Duane Morris customarily charges its clients for all disbursements incurred. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Duane Morris to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Duane Morris will charge the estate for these expenses in a manner and at rates consistent with charges made generally to Duane Morris' other clients and consistent with the Bankruptcy Rules. Duane Morris believes that it is only proper to charge these expenses to the clients incurring them, rather than increase the hourly rates and spread the expenses among all clients. Duane Morris will also seek reimbursement of all such charges incurred on behalf of the Trustee.

15. Except as otherwise identified in the Kotler Declaration, Duane Morris has informed the Trustee that it:

    a. does not hold or represent any interest adverse to the Trustee or the Debtor's estate;

    b. does not represent any known entity having an adverse interest in connection with this case;

    c. is a "disinterested person" as defined under 11 U.S.C. § 101(14) and used in 11 U.S.C. § 328(c);

    d. does not represent, in connection with this case, any other creditor, party in interest, or entity in the Bankruptcy Case; and

5

      e.      has no connections with the Debtor or its creditors or other parties in interest in the Bankruptcy Case, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

16.      With respect to the Bankruptcy Case, Duane Morris does not and will not represent any party in interest other than the Trustee. In the event that a matter arises wherein the Trustee will need to assert a position adverse to an existing client, Duane Morris will either obtain an appropriate waiver or the Trustee will engage conflicts counsel to handle such representation.

17.      The Trustee is informed and believes, and based thereon alleges, that the employment of Duane Morris is in the best interest of the Debtor's estate and its creditors.

18.      Notice of this Application has been provided by United States First-Class mail, postage prepaid to: (i) the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor; (iii) the Debtor's counsel; and (iv) any parties required to be served under any applicable Bankruptcy Rule or local rule. The Trustee submits that no other or further notice is necessary under the circumstances.

**WHEREFORE**, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing her to employ and retain Duane Morris LLP as her counsel in the Bankruptcy Case with compensation to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow.

Dated: October 17, 2024

By:    */s/ Lynn E. Feldman*
        Lynn E. Feldman, Esquire
        Feldman Law Offices, PC
        2310 Walbert Avenue
        Suite 103
        Allentown, PA 18104
        Telephone: 610-530-9285
        trustee.feldman@rcn.com

*Chapter 7 Trustee for the Debtor's Estate*

DMADMIN\6487160.1