# EXHIBIT B

## Kotler Declaration

DMADMIN\6487160.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 7 |
| BENEFITS DATA TRUST, | ) Case No. 24-13656-AMC |
| Debtor. | ) |

## DECLARATION OF LAWRENCE J. KOTLER IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DUANE MORRIS LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. § 327(A)

I, Lawrence J. Kotler, Esq., an adult individual, hereby declare under penalty of perjury:

1.  I am an attorney duly admitted to practice before this Court and am a partner of the law firm of Duane Morris LLP ("Duane Morris"). I am a member in good standing of the Bars of the Commonwealth of Pennsylvania and the States of New York and Delaware and am admitted to practice law in each of the aforementioned jurisdictions. If called upon to testify to the matters set forth herein, I would competently testify thereto as the matters set forth herein are personally known to me to be true.

2.  The law firm of Duane Morris has extensive experience in bankruptcy, insolvency and debtor/creditor law. The firm is well-qualified to represent Lynn E. Feldman, Esquire (the "Trustee"), the duly appointed chapter 7 trustee in the above-captioned chapter 7 case (the "Bankruptcy Case") and is willing to accept employment on the basis set forth in the Trustee's *Application for Entry of an Order Authorizing the Employment and Retention of Duane Morris LLP as Counsel to the Chapter 7 Trustee Pursuant to 11 U.S.C. § 327(a)* (the "Application").[1]

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

3.  I have reviewed the voluntary petition filed by the Debtor under chapter 7 of the Bankruptcy Code (the "Petition") [Dkt. No. 1] and have conducted a conflicts check through an examination of the law firm's records.[2]

4.  In particular, I caused Duane Morris's records department to research the firm's client database to determine whether Duane Morris had any relationships with the Debtor and the creditors listed on its Matrix.

5.  The results of our conflicts check were compiled and analyzed by Duane Morris attorneys acting under my supervision.

6.  As of the date hereof, other than **CBRE, Comcast, Dropbox, Emburse, Erie Insurance Company, Google, Microsoft, GitHub, RELX, Underwriters at Lloyd's, Wells Fargo, Westchester Surplus Lines and WSFS** (collectively, the "Creditors"), Duane Morris does not represent the Creditors in any capacity, related or unrelated to the Debtor's bankruptcy case or its estate.

7.  Based upon the information presently available, the connections listed herein are the only connections of which I am aware.

8.  Additionally, no entity listed herein as a client of Duane Morris accounted for more than 1% of my firm's annual revenues for the prior calendar year.

9.  If this Court authorizes the retention of Duane Morris as Trustee's counsel, Duane Morris will not represent any of the Creditors in this Bankruptcy Case and, to the extent an issue

---

[2] Although it is not possible to guarantee that each and every connection is disclosed, Duane Morris will file additional and supplemental disclosure statements in the event Duane Morris becomes aware of any other connections. In addition, it is possible that some creditors or parties-in-interest herein are creditors or parties-in-interest with *de minimis* interests in other cases in which Duane Morris plays a role.

2

DMADMIN\6487160.1

arises involving or having any relationship with one or more of these entities, which would be adverse to the Debtor or its estate, the Trustee will engage conflict counsel to handle such matters.

10. In addition to the Creditors, Duane Morris also represented the Debtor prior to the Petition Date.

11. However, this engagement was solely related to a discrete matter (*i.e.*, Covid 19 issues) and Duane Morris received less than $45,000 for the services it provided.[3]

12. After reasonable inquiry, the law firm of Duane Morris is disinterested and is not connected to the Debtor; its attorneys, accountants, creditors; or the attorneys or accountants of any other known party in interest in the Bankruptcy Case.

13. Furthermore, to the best of my knowledge, the firm does not hold any interest adverse to the Debtor's estate except as otherwise provided for herein and, as such, the firm is a "disinterested person" as defined in 11 U.S.C. § 101(14).

14. Duane Morris will continue to search its internal database to determine whether Duane Morris has any relationships with any other significant parties in interest as they emerge throughout the course of the Bankruptcy Case.

15. If Duane Morris subsequently discovers additional information that requires disclosure, Duane Morris will promptly file a supplemental disclosure with this Court.

16. This Declaration is made pursuant to Bankruptcy Rule 2014(a).

17. The law firm of Duane Morris and its members and associates have no connection with the Office of the United States Trustee or any person employed in the Office of the United States Trustee.

---

[3] Duane Morris was last paid in April of 2024. Total paid was $17,958.82.

DMADMIN\6487160.1

18. I have reviewed the Application, and I agree to perform the legal services specified in paragraph 10 therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 17th day of October, 2024, in Philadelphia, Pennsylvania.

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq.
Partner
Duane Morris LLP