IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> BENEFITS DATA TRUST, <br><br> Debtor. <br><br> LYNN E. FELDMAN, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF BENEFITS DATA TRUST, <br><br> Plaintiff, <br><br> v. <br><br> MAGELLAN RX MANAGEMENT, LLC, <br><br> Defendant. | Chapter 7 <br><br> Case No. 24-13656-AMC <br><br><br><br><br><br> Adversary Proceeding No. _____ |

## COMPLAINT FOR TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(b) AND FOR VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362

Plaintiff, Lynn E. Feldman, the chapter 7 trustee (the "Trustee") for the estate of the above-referenced debtor, Benefits Data Trust (the "Debtor"), by and through her undersigned counsel, hereby files this *Complaint for Turnover of Estate Property Pursuant to 11 U.S.C. § 542(b) and for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362* (the "Complaint") against Magellan RX Management, LLC (the "Defendant") and, in support hereof, Plaintiff alleges as follows:

## NATURE OF THE PROCEEDING

1. This Complaint seeks to recover from the Defendant certain property of the Debtor's estate (the "Estate"), namely, in the nature of an "open" account receivable, representing money due and owing the Estate by the Defendant.

2. The specific claim asserted herein is for turnover pursuant to 11 U.S.C. § 542(b).

3. Plaintiff also brings a claim against Defendant for violation of the automatic stay pursuant to Section 362 of the Bankruptcy Code for Defendant's refusal to turn over property of the estate.

4. In particular, the Trustee seeks the entry of an Order from this Court: (i) requiring the Defendant to turn over and make payment to the Trustee, for the benefit of the Estate, the sum of $279,865.75; and (ii) disallowing any Claim of the Defendant unless and until the Defendant turns over to the Trustee the amount sought by the Trustee through this Complaint.

## JURISDICTION AND VENUE

5. This is an adversary proceeding seeking the turnover of estate property pursuant to Federal Rules of Bankruptcy Procedure 7001(1), *et seq.* and 11 U.S.C. § 542(b).

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334, 157 and 151.

7. Venue is proper pursuant to 28 U.S.C. §1409.

8. This matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

## GENERAL ALLEGATIONS

9. On October 11, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

2

DM3\11556938.1

10. On October 15, 2024, the Trustee was appointed as Chapter 7 Trustee for the Debtor and its Estate.

11. The Defendant is, and at all times relevant hereto was, a healthcare entity located at 4000 Crums Mill Road, Suite 301, Harrisburg, Pennsylvania 17112-2896.

12. Prior to the Petition Date, the Debtor was a not for profit corporation that assisted clients in completing the applications necessary for such clients to apply for certain governmental benefits at both the state and federal level, including, without limitation, benefits such as WIC, SNAP, Medicare Low Income Subsidy, Property Tax and Rebate and Senior Food Box Programs.

13. In addition and prior to the cessation of the Business, the Debtor also provided outreach and call center services to third parties, including, without limitation, the Defendant.

14. With respect to the Defendant, the services provided by the Debtor to the Defendant were governed by a certain Master Services Agreement which the Debtor and the Defendant had initially entered into in 2006.

15. However, the agreement was amended multiple times (as amended, the Master Services Agreement shall be referred to as the "MSA") prior to the commencement of this bankruptcy case.

16. As of the Petition Date, the Debtor had been providing services pursuant to Amendment Numbers 11 and 12 of the MSA and, in connection thereto, the Defendant owed the Debtor money on account the services the Debtor had and was providing to the Defendant as of the Petition Date (collectively, the amount of money owed as of the Petition Date shall be referred to as the "Receivable").

17. At no point in time prior to the Petition Date had the Defendant notified the Debtor that it was either dissatisfied with the services being provided by the Debtor or that the Receivable was not otherwise due and owing.

18. Based upon the Trustee's review of the Debtor's books and records, the Trustee has ascertained that as of the Petition Date, the Receivable was still due and owing the Debtor's estate.

19. Thus, as of the Petition Date, the Receivable became property of the Debtor's estate being administered by the Trustee.

20. The Receivable owed by the Defendant is in the principal amount of $279,865.75. A statement of account identifying the outstanding invoices comprising the Receivable is attached hereto as Exhibit A.

21. The Receivable owed by the Defendant has matured, and, despite prior written demand by the Trustee, the Defendant has failed and/or refused to pay the Receivable.

22. During the course of this Adversary Proceeding, Plaintiff may learn through discovery or otherwise of additional property of the Plaintiff subject to turnover under Section 542 of the Bankruptcy Code, or of transfers made to Defendant that are avoidable under applicable law and Plaintiff reserves the right to amend this Complaint.

### FIRST CLAIM FOR RELIEF
### (Turnover of Estate Property Pursuant to 11 U.S.C. § 542)

23. The Trustee adopts and alleges the averments set forth in Paragraphs 1 through 19, as if set forth herein at length.

24. As a fiduciary of this Estate, the Trustee and her Court appointed professionals reviewed the Debtor's books and records to determine, among other things, whether sums, like the Receivable owed by the Defendant, were due and owing the Debtor's estate.

4

25. Based upon this review, the Trustee and her professionals have determined that the Receivable owed by the Defendant was due and owing the Debtor as of the Petition Date.

26. Thus, pursuant to Section 541 of the Bankruptcy Code, the Receivable owed by the Defendant became property of the Estate when the Debtor filed its voluntary petition for relief.

27. In exercising her fiduciary duty to this Estate, the Trustee has previously demanded that the Defendant turn over funds equivalent to the full amount of the Receivable but, despite the Trustee's demand, the Defendant has failed and refused to do so.

28. Section 542(b) of the Bankruptcy Code provides that:

> ....an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, ***shall pay such debt to, or on the order of, the trustee,*** except to the extent that such debt may be offset under Section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b) (emphasis added).

29. Pursuant to Bankruptcy Code § 542(b), in light of the Defendant's failure and refusal to turn over the Receivable, the Trustee is entitled to the entry of a judgment in her favor and against the Defendant in the amount of the Receivable.

### COUNT TWO
### VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(a)(3)(k)

30. Plaintiff repeats and realleges the allegations in paragraphs 1 through 24 as if fully set forth here.

31. Section 362(a)(3) of the Bankruptcy Code provides, in relevant part, that a petition "filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . any action to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

32. The Receivable withheld by Defendant comprises property of the Estate under Section 541 of the Bankruptcy Code. *See* 11 U.S.C. § 541(a)(1) (Estate property is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case").

33. Pursuant to Section 362(k) of the Bankruptcy Code, Plaintiff, as the party injured by a willful violation of the automatic stay, can recover "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, [to] recover punitive damages." *See* 11 U.S.C. § 362(k)(1).

34. Defendant's decision to withhold from Plaintiff the Receivable warrants both actual and punitive damages to be determined by the Court based on the depletion of estate assets as well as costs and attorneys' fees.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court: (i) enter judgment against the Defendant pursuant to 11 U.S.C. § 542(b) in the amount of $279,865.75, together with interest, all court costs, expenses and reasonable attorneys' fees accrued through entry of judgment in this adversary proceeding, as demonstrated according to proof, as well as the entry of an order directing Defendant to pay the foregoing sums to the Trustee; (ii) enter an Order under 11 U.S.C. § 362(k) awarding actual and punitive damages for the Defendant's willful violation of the automatic stay; (iii) award Plaintiff her attorneys' fees, pre and post judgment interest and costs of

suit; and (iv) grant such other and further relief as the Court deems proper and appropriate under the circumstances.

Dated: June 5, 2025

        **DUANE MORRIS LLP**

        */s/ Lawrence J. Kotler*
        Lawrence J. Kotler, Esq. (PA I.D. 56029)
        30 South 17th Street
        Philadelphia, PA 19103
        Telephone:  (215) 979-1514
        Facsimile:  (215) 979-1020
        Email: ljkotler@duanemorris.com

        *Counsel to Lynn E. Feldman, Esquire, the Chapter 7 Trustee for the Debtor's Estate*