IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: <br><br> BENEFITS DATA TRUST, <br><br> Debtor. | Chapter 7 <br><br> Case No. 24-13656-AMC |

## VERIFIED MOTION OF LYNN E. FELDMAN, CHAPTER 7 TRUSTEE, TO MAKE AN INTERIM DISTRIBUTION TO CREDITORS PURSUANT TO 11 U.S.C. §§ 105, 704 AND 726

Lynn E. Feldman, Esquire, Chapter 7 Trustee (the "Trustee") for the estate of Benefits Data Trust ("BDT" or the "Debtor"), by and through her undersigned counsel, hereby moves this Court for the entry of an order authorizing the Trustee to make an interim distribution to creditors pursuant to 11 U.S.C. §§ 105, 704 and 726 (the "Motion") and, in support hereof, the Trustee avers as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought herein are §§ 105, 704 and 726 of the Bankruptcy Code and Fed.R.Bankr.P. 2002 and 6004.

### BACKGROUND

4. On October 11, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code.

5. On October 15, 2024, the Trustee was appointed by the Office of the United States Trustee pursuant to Section 701 of the Bankruptcy Code to serve as the Chapter 7 trustee for the Debtor's estate (the "Estate").[1]

## Factual Background

6. Since her appointment, the Trustee has worked with her professionals to ascertain and analyze the scope and extent of the Estate's assets, if any, and how these assets could be liquidated in the most efficient and effective manner.

7. As part of this process, the Trustee has consolidated all of the Debtor's cash (as of the Petition Date) into her Trustee account.

8. The Trustee has also collected most of the Debtor's outstanding receivables.[2]

9. In addition, the Trustee also has obtained nearly $100,000 from Wilmington Savings Fund Society, FSB ("WSFS") pursuant to a certain settlement agreement previously entered by and between the Trustee and WSFS (the "WSFS Settlement Agreement") and has reduced the size of the estate by nearly $600,000.00.

10. As a result of the efforts of the Trustee and her professionals, the estate has cash on hand of approximately $6.15 million.[3]

---

[1] On November 20, 2024, the Trustee concluded the Debtor's 341 Meeting and, as such, became the permanent trustee for this case.

[2] There are several outstanding receivables of varying size. However, there are two significant receivables due and owing the Estate from the State of New York and from Pace Magellan. With respect to these receivables, the Trustee has received partial payment from the State of New York but is still owed about $662,000.00. The Trustee has been advised that these receivables will be paid relatively soon. With respect to Pace Magellan, the Trustee has also commenced a turnover action against this account debtor and, as of the date hereof, the Trustee has obtained a default judgment against this account debtor of nearly $280,000.

[3] The Debtor's former landlord filed an administrative claim in the amount of $298,495.61. As of the date of this Motion, this claim has been paid.

11. Conversely, the claims that have been filed against the estate that have not been reduced, expunged or waived approximate $3.664 million.[4]

**RELIEF REQUESTED**

12. The Trustee is filing the instant Motion to order to reduce bank and technology service fees (the "Fees") and to provide an interim distribution to creditors, virtually all of whom are philanthropic in nature.

13. As of the date of this Motion, the Trustee currently has cash on hand in the amount of approximately $6.15 million.

14. The Trustee proposes to make an interim distribution (the "Interim Distribution") in the aggregate amount of $3,315,723.98, representing approximately fifty four percent (of the current cash on hand, and proposes to pay those claims set forth on the distribution schedule (the "Distribution Schedule") attached hereto as Exhibit "A" and made a part hereof as further described on that schedule.

---

[4] The governmental bar date was April 9, 2025 and the deadline for the Debtor's landlord to file claims resulting from the Trustee's rejection of its lease was April 6, 2025. While there were no additional governmental claims filed of record, there could be more claims filed against the Debtor's estate as there are still executory contracts and unexpired personal property leases that the Trustee not yet rejected as of the date of this Motion (although based upon the terms and conditions of these executory contracts, the Trustee does not believe that there will be significant rejection damages' claims associated with the rejection of said contracts (to the extent those contracts are even rejected)). Furthermore, as of the date hereof, the bar date for filing claims for rejection damages from previously rejected executory contracts has expired. Finally, the Gates Foundation has filed a partially unliquidated claim for the full amount of its grant, e.g., $1.9 million. Trustee's counsel and counsel for the Gates Foundation are trying to work on reaching an amicable resolution of this claim but for purposes of this Motion, the Trustee will reserve the proposed distribution amount on the full amount of the claim (i.e., the $1.9 million) pending either an amicable resolution of the parties' issues or an Order of this Court regarding the precise amount that is due and owing this Claimant.

15. The Distribution Schedule[5] is summarized as follows:

| Claimant | Amount To Be Distributed |
|---|---|
| 90% of Trustee's Compensation and Costs[6] | $146,250.00 |
| Trustee's Counsel's Fees | $127,512.50/$114,761.25 (90% of Trustee's Counsel's Fees) |
| Trustee's Counsel's Costs | $4,839.14 |
| Trustee's Accountants' Fees | $81,569.70[7]/$73,412.73 (90% of Trustee's Accountants' Fees) |
| Trustee's Accountants' Costs | $7800.00 |
| Priority Claims | $366.21 |
| General Unsecured Creditors[8] | $3,298,105.17[9]/$2,968,294.65 (90% of Aggregate Unsecured Claims) |

16. Except as otherwise set forth herein, the claims of the creditors on the Distribution Schedule, attached hereto as Exhibit "A," are undisputed.

---

[5] The Trustee proposes to pay ninety percent (90%) of her commission, leaving a ten percent (10%) holdback pending final fee applications and the filing of the TFR. However, by this Motion, the Trustee seeks to pay one hundred ninety percent (90%) of the allowed professional fees and costs, one hundred percent of any and all priority claims and ninety percent (90%) of any and all unsecured claims.

[6] Contemporaneously with the filing of this Motion, the Trustee's Professionals are filing interim fee applications seeking, among other things, approval of these fees and costs (the "Professional Fees"). Collectively, the Professional Fees aggregate the sum of $221,721.34, with $209,082.20 comprising interim fees and the balance comprising interim costs/expenses. The Trustee will hold a reserve for the full amount of the Professional Fees but, obviously, will only pay those fees and costs actually approved by the Court. Furthermore, the Trustee's professionals have agreed to receive only ninety percent (90%) of their approved interim compensation. Assuming the Court grants the interim fee applications in full, ninety percent of $209,082.20 equals $188,173.98.

[7] This includes a voluntary reduction of ten percent (10%).

[8] As of the date hereof, the aggregate of the unsecured claims (excluding the $366.21 of priority claims) aggregates $3,664,195.09.

[9] The Trustee proposes to pay ninety percent (90%) of the aggregate amount of unsecured claims.

4

17.     The Trustee cannot file the final report and the bankruptcy case cannot be closed as there are at least several open receivables that need to be collected and, more importantly, there will be additional claims filed against the Estate once the personal property leases and unexpired executory contracts are either rejected by the Trustee and/or the bar date associated with the rejection of these personal property leases and/or unexpired executory contracts has expired.

## BASIS FOR RELIEF

18.     Section 704 of the Bankruptcy Code provides in pertinent part that the trustee has a duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." *See*, 11 U.S.C. §704(1).

19.     Sometimes, however, a trustee cannot close a case but could make an interim distribution to creditors.

20.     In such cases, bankruptcy courts have approved interim distribution pursuant to the provisions of § 726(a)(2)(C) of the Bankruptcy Code. *See, In re Ira J. Pressman/PJI Distribution Corp.,* Case No. 11-13080 and 11-13082, ELF, at Docket No. 547; *In re Griffin Trading Co.,* 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001) (trustee may make interim distribution to unsecured creditors; § 726(a)(2)(C) will apply to interim distribution to bar creditors with knowledge from sharing in distribution); *In re Partial Hospital Institute of America,* 281 B.R. 728, 734 (Bankr. S.D. Ala. 2001) (interim distributions are interlocutory in nature); *Staiano v. Cain (In re LAN Associates XI, L.P.),* 912 F.3d 109, 113 (3d Cir. 1999) (stating chapter 7 trustee's motion to approve interim distribution was granted without objection).

21.     Contemporaneous with the filing of this Motion, the Trustee has submitted a copy of this Motion to the Office of the United States Trustee along with all her bank statements and cancelled checks relating to the Bankruptcy Case.

## CONCLUSION

22. Based upon the foregoing, the Trustee believes it is in the best interest of the creditors of the Estate to make an interim distribution of the assets held by the Trustee to the creditors.

**WHEREFORE,** the Trustee respectfully requests that this Honorable Court (a) grant the Motion, (b) authorize the Interim Distribution, and (c) grant such other and further relief as this Honorable Court deems just and proper.

Dated: July 30, 2025

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ *Lawrence J. Kotler*
Lawrence J. Kotler, Esquire
PA Attorney Identification No. 56029
30 South 17th Street
Philadelphia, PA 19103
215.979.1000

*Attorneys for Movant,*
*Lynn E. Feldman, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BENEFITS DATA TRUST, | ) | Case No. 24-13656-AMC |
| | ) | |
| Debtor. | ) | |
| | ) | |

## VERIFICATION

Lynn E. Feldman, hereby certifies and states:

1. I am the Chapter 7 Trustee for the estate of Benefits Data Trust ("BDT") and am authorized to make this Verification on behalf of the Debtor's estate.

2. I am fully familiar with the facts and circumstances set forth herein.

3. The averments set forth in the foregoing *Motion of Lynn E. Feldman, Chapter 7 Trustee, to Make Interim Distribution to Creditors Pursuant to 11 U.S.C. §§ 105, 704 and 726* are true and correct to the best of my knowledge, information and belief.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: July 30, 2025                         /s/ *Lynn E. Feldman*
                                             Lynn E. Feldman

DM3\11676808.1