**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re:<br><br>BENEFITS DATA TRUST[1],<br><br>Debtor. | Chapter 7<br><br>Case No. 24-13656-AMC |

**CHAPTER 7 TRUSTEE'S MOTION: (I) TO DEEM CERTAIN SCHEDULED
"ALLOWED" UNSECURED CLAIMS AS "LATE FILED CLAIMS" OR, IN THE
ALTERNATIVE, (II) FOR PERMISSION FOR THE CHAPTER 7 TRUSTEE TO FILE
"LATE" PROOFS OF CLAIM ON BEHALF OF SUCH CREDITORS**

Lynn E. Feldman, the chapter 7 trustee (the "Trustee") for the estate of Benefits Data Trust

(the "Debtor"), hereby submits this motion (the "Motion"), pursuant to sections 105, 501(c), and

726 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rules 3004 and 9006(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order in the above-

captioned matter (the "Case"), substantially in the form attached hereto as **Exhibit A**, deeming the

"allowed" claims (all of which are held by non-profit entities) identified on the schedule attached

hereto as **Exhibit B** (the "Not For Profit Claimants") as having allowed, albeit "late filed"

unsecured claims as these creditors, despite being scheduled by the Debtor and having notice and

knowledge of the within bankruptcy case, did not file proofs of claim against the Debtor's estate.

In the alternative, the Trustee respectfully requests that this Court permit her to file late proofs of

claim on behalf of the Not for Profit Claimants, especially in light of the fact, again, that these Not

For Profit Claimants are non-profit entities.  In support of this Motion, the Trustee respectfully

states as follows:

---

[1]  The last four digits of Debtor's tax identification number are 4145.

DM3\22002294.4

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court") has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief sought herein are sections 105, 501(c), and 726 of the Bankruptcy Code and Bankruptcy Rules 3004 and 9006(b).

## BACKGROUND

5.      On October 11, 2024 (the "Petition Date"), the Debtor commenced this voluntary Case under chapter 7 of the Bankruptcy Code.

6.      On October 15, 2024, the Trustee was appointed to serve as the chapter 7 trustee for the estate.

7.      During the Bankruptcy Case, the Debtor schedules reflect unsecured claims in excess of $7.382 million against the estate (the "Estate"). *See, e.g.*, Debtor's Schedules, E/F (the "Schedules") filed at Docket No. 1.

8.      However, with a handful of exceptions, many, if not most, of the unsecured claims listed on the Debtor's schedules were scheduled as non-contingent, liquidated and undisputed claims. *See, e.g.*, the Schedules.

9.      Despite the bar date notice being sent to all creditors and parties in interest, especially those creditors whose claims were scheduled, for reasons unknown, less than all of the scheduled creditors filed proofs of claim, despite being required to do so by virtue of Bankruptcy Rules 3001 and 3002.

DM3\22002294.4

10.     In point of fact, the aggregate of unsecured claims filed against the Estate was substantially less than what was scheduled and, after reconciliation by the Trustee and her professionals, the aggregate of allowed unsecured claims against the Estate is approximately $3.654 million, nearly fifty percent (50%) less than what was previously scheduled.

11.     Based upon her calculations, the Trustee believes that approximately forty-five (45) unsecured creditors failed to file proofs of claim despite being scheduled and despite having notice of this bankruptcy case.[2]

12.     Of those forty-five (45) unsecured creditors, approximately twenty (20) of them are not for profit entities.[3]

13.     As of the date hereof, it is unclear whether these entities (*e.g.*, the Not for Profit Claimants) chose deliberately to not file a proof of claim for charitable reasons (i.e., these entities granted/gifted the money to the Debtor and, thus, there was no expectation of repayment) or simply forgot to file a proof of claim.

14.     Meanwhile, during this Bankruptcy Case, the Trustee and her professionals have obtained extremely favorable results, which are summarized below:

a. Trustee's recovery of $99,666.67 for the estate from Wilmington Savings Society, FSB, and eliminating its $179,666.67 set-off claim;

b. Disallowance and expungement of over $1,200,000.00 of claims, representing more than twenty-five percent (25%) of the aggregate claim pool;

c. Trustee's recovery of approximately $6.15 million with an additional $800,000 of additional receivables to be collected;

d. Recovery of $210,000 in settlement of Magellan Judgment of approximately $280,000.

---

[2] In this case, the creditors whose claims were scheduled but who did not file proofs of claim (the "Scheduled Claimants") total approximately 45 creditors with claims worth an aggregate of approximately $3,484,293.23.

[3] As set forth more fully on Exhibit B, these creditors have claims of approximately $2.1 million.

DM3\22002294.4

15.     In light of this, the Trustee believes that at the end of the day, the Estate will have a surplus of funds remaining following payment to the allowed administrative and unsecured claims.[4]

## BASIS FOR RELIEF

I.      **The Court should deem the Debtor's Schedule E/F to constitute a proof of claim filed on behalf of the Scheduled Non-Profit Creditors.**

      A.      **Treating the Debtor's Schedule E/F, or this Motion, as a proof of claim filed on behalf of each Scheduled Non-Profit Creditor is equitable and consistent with the Bankruptcy Code.**

16.     Pursuant to section 726 of the Bankruptcy Code, which governs distribution priority in this Case, any surplus remaining after all allowed general unsecured claims are paid in full, with interest, is distributed to the debtor or, in cases where the debtor is no longer in existence, to the debtor's equity holders.  11 U.S.C. § 726; *see In re Georgian Villa, Inc.*, 55 F.3d 1561, 1563 (11th Cir. 1995) (observing that courts have distributed surplus funds to equity holders where a corporate debtor is no longer in existence).

17.     In this case, as this is a Chapter 7 case, there is no "debtor."

18.     Thus, there is no entity who could receive the surplus.

19.     Moreover, as the Debtor was a "not for profit" corporation, there is no "equity" to whom the Trustee could remit such surplus.

---

[4] Per the Trustee's Interim Distribution Motion previously filed with the Court at Docket No. 120, the Trustee has already paid, in full, the only priority claim against the Estate.  In addition, and consistent with Section 726 of the Bankruptcy Code, the Trustee intends to pay allowed unsecured claims (that were timely filed) in full and with post-petition interest.  The Trustee believes that she will still have a surplus in the estate even after unsecured creditors are paid in full and with post-petition interest.  Hence, the necessity of this Motion.

DM3\22002294.4

20.    Absent the bankruptcy case, Pennsylvania state law would require the Debtor, as a winding up non-profit entity, to first pay all known debts and liabilities before its remaining charitable property is distributed according to its purpose.  *See*, 15 Pa.C.S.A. § 5975.

21.    As this Court can observe from even a cursory review of Exhibit "B," the Not for Profit Claimants are not for profit corporations and/or charities and it is unclear whether these claimants voluntarily declined to file a proof of claim against the Estate or merely neglected to file a claim.

22.    Based upon prior conversations with some of the Not For Profit Claimants, the Trustee believes that it was the former and that many of them "relinquished" their right to file a proof of claim against the Estate because the Debtor was a non-profit entity and they believed that the Estate did not have sufficient funds to pay not-for-profit creditors who timely filed claims in full.

23.    As such, the Trustee believes it would be inequitable to deny those creditors who voluntarily deferred their claims for the benefit of the Estate a right to share in the Estate's unanticipated surplus.

24.    Section 501(c) of the Bankruptcy Code provides "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim," and section 105(a) of the Bankruptcy Code gives the Court equitable authority to enter any order that is "necessary or appropriate."  11 U.S.C. §§ 105(a); 501(c).

25.    The Trustee believes that both Sections 501(c) and Section 105(a) provide this Court the authority to enter an order deeming the Not for Profit Claimants with an allowed, albeit late filed, proof of claim, without frustrating the priority scheme established under the Bankruptcy Code.

DM3\22002294.4

26.     Indeed, by treating the Not for Profit Claimants as having late filed claims, the Trustee can then make a distribution to them pursuant to the "waterfall" provisions of section 726(a) of the Bankruptcy Code. [5]

27.     In light of the Estate's surplus, the Trustee believes its proposed treatment of Not For Profit Claimants (*i.e.*, treating the Not For Profit Claimants as having filed late proofs of claim and thereby permitting the Trustee to make a distribution to them on account of such claims) is not only permissible under the Bankruptcy Code's priority scheme, but it is also consistent with the Pennsylvania statutory requirement of distributing funds according to the charity's purpose, especially since the Debtor no longer exists and, as such, the Debtor, itself, cannot make a distribution of charitable property in a manner consistent with its charitable purpose prior to winding down.

28.     Again, and as noted herein, the Debtor identified the amount that it owed to each Not for Profit Claimant on Schedule E/F.

29.     Accordingly, each Not for Profit Claimant is a "creditor" as required for § 501(c) of the Bankruptcy Code to apply and this Motion merely seeks to permit these creditors to have allowed proofs of claim, albeit filed late, on their behalf in the amounts the Debtor scheduled in its Schedules.

30.     In light of the foregoing, the Trustee respectfully requests that this Court treat the Debtor's Schedule E/F as *prima facie* evidence of a claim (albeit filed late) on behalf of each Not For Profit Claimant because doing so: (i)  is an appropriate exercise of its equitable power under § 105 of the Bankruptcy Code, (ii) is fair and equitable to those creditors who filed timely proofs

---

[5] In particular, the Trustee believes that Section 726(a)(3) statutorily subordinates late filed claims to unsecured claims that were timely filed.

DM3\22002294.4

of claim, as designating Not For Profit Claimants as having late-filed claims statutorily subordinates the claims relative to timely filed proofs of claim (which will be paid in full before the Not For Profit Claimants are paid anything on account of their deemed late-filed claims), (iii) distribution to those entities is consistent with the Debtor's non-bankruptcy law obligation to ensure that all of its debts and liabilities were be paid or provided for before dissolving, and is also consistent with the Debtor's obligation to ensure that charitable property is used for a charitable purpose, and (iv) deeming the Debtor or Trustee as having filed a late proof of claim on behalf of each Not For Profit Claimants is the most administratively efficient manner for authorizing the Trustee to make distributions to the Not For Profit Claimants while conserving estate resources.

31.     Accordingly, for the reasons set forth herein, the Trustee respectfully submits that this Court should treat the unsecured debt set forth on the Debtor's Schedule E/F as a late filed proof of claim on behalf of each Not for Profit Claimant reflected on **Exhibit B** hereto.

II.     **In the alternative, the Court should authorize the Trustee to file late proofs of claim on behalf of the Not for Profit Claimants.**

A.     **Cause exists for the Court to extend the time for Trustee to file proofs of claim.**

32.     The relief sought in Section I.A. above would provide the most economically and administratively efficient manner for the Trustee to make distributions to the Not for Profit Claimants.

33.     Nevertheless, in the event this Court prefers to have an individual proof of claim filed on behalf of each Not for Profit Claimant, the Court should extend the Trustee's deadline to file such proofs of claim for cause. Fed. R. Bankr. P. 3004 ("[i]f a creditor does not file a proof of claim . . . the debtor or trustee may do so within 30 days after the creditor's time to file expires"); Fed. R. Bankr. P. 9006 (b) ("the court may—at any time and for cause—extend the time to act if .

7

DM3\22002294.4

. . (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.")

34. The "excusable neglect" standard applicable to a request to extend the Trustee's time to file a proof of claim on behalf of creditors is the same standard that applies to a creditor's request to file its own late proof of claim. *See e.g. In re Davis*, 936 F.2d 771, 774 (4th Cir. 1991); *In re Schuster*, 428 B.R. 833, 836-37 (Bankr. E.D. Wis. 2010); *In re Crawford*, 135 B.R. 128, 131 (D. Kan. 1991).

35. As this Court knows, it has significant discretion to extend time for the Trustee to file proofs of claim on behalf of the Not for Profit Claimants. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 392 (1993) (excusable neglect is a somewhat "elastic concept" that is "not limited strictly to omissions caused by circumstances beyond the control of the movant.").

36. In determining whether to accept late proofs of claim due to excusable neglect, courts consider the following factors:

   a. the danger of prejudice to non-moving parties;

   b. the length of the delay and its potential impact on judicial proceedings;

   c. the reason for the delay, including whether it was within the reasonable control of the movant; and

   d. whether the movant acted in good faith.

*In re Bayer*, 527 B.R. 202, 208 (Bankr. E.D. Pa. 2015), *aff'd sub nom. Larson v. Bayer*, 558 B.R. 722 (E.D. Pa. 2016) (citing *Pioneer*, 507 U.S. at 395).

37. Here, each of the *Pioneer* factors favors authorizing the Trustee to file late proofs of claim for the Not for Profit Claimants.

8

DM3\22002294.4

38. First, there is no risk of prejudice to non-moving parties because: (i) the Debtor is dissolving; (ii) late filed proofs of claim are only paid *after* timely filed proofs of claim under section 726 of the Bankruptcy Code so there will be no disruption to the priority scheme with respect to claimants who timely and duly filed an allowed proof of claim; and (iii) here, in this case, late filed proofs of claim will be paid only from surplus funds that remain in the estate *after* all timely filed, allowed proofs of claim are paid in full, with interest.

39. Second, the Trustee's proposal to make distributions to Not for Profit Claimants would reduce an otherwise lengthy process of allocating funds that remain in the estate after the Trustee makes its final distribution.

40. Third, the surplus of estate assets have become available after the Petition Date as a result of the Trustee's ongoing success in achieving greater than expected recoveries for the estate, thereby making distributions to Not For Profit Claimants possible at a later stage in this Case.

41. Fourth, the Trustee seeks the most cost-effective, efficient manner for distributing remaining estate assets to creditors, many of which are non-profit entities.

42. Equity strongly favors granting the Motion so that the Trustee may make distributions to the Not for Profit Claimants. *See Pioneer*, 507 U.S. at 395 (noting that the "determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

**B. The Bankruptcy Code also authorizes the Trustee to file proofs of claim for each Not for Profit Claimant.**

43. Section 501(c) of the Bankruptcy Code unambiguously permits the Trustee or the Debtor to file proofs of claim on behalf of the non-profits that are listed on the Debtor's Schedule

9

E/F.  *See* 11 U.S.C. § 501(c) ("[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.").

44.   In *Yoon v. VanCleef*, a chapter 7 trustee filed proofs of claim on behalf of creditors that were listed on Schedule F that failed to file proofs of claim.  *Yoon v. VanCleef*, 498 B.R. 864, 866 (N.D. Ind. 2013).

45.   In *Yoon*, additional assets became available to the estate that were not initially reported.  *Id* at 865-66.  In light of newly available assets, the chapter 7 trustee successfully moved to reopen the case and eventually filed proofs of claim on behalf of each creditor identified on Schedule F that had failed to timely file a proof of claim.  *Id.*  The trustee's proofs of claim mirrored Schedule F and were for the amount listed by the debtor on Schedule F as owed to each creditor.  *Id.*  The debtor filed an omnibus objection to the proofs of claim filed by the trustee on behalf of Schedule F creditors and argued that § 501(c) of the Bankruptcy Code only permits the filing of a proof of claim on behalf of a creditor for the benefit of the debtor, by ensuring discharge, or the trustee, by aiding in the efficient administration of the estate.  *Id.* at 866-67.  According to the debtor's objection, § 501(c) of the Bankruptcy Code did not permit the chapter 7 trustee to file proofs of claim solely to benefit of creditors.  *Id*. at 866-67.  Rejecting that reasoning and denying the Debtor's objection, the *Yoon* court held that the unambiguous language of § 501(c) of the Bankruptcy Code permits a trustee to file proofs of claim on behalf of creditors for any reason, even if the trustee's purpose is only to benefit creditors.  *Id.* at 867-868

46.   Based on the unambiguous language of section 501(c) of the Bankruptcy Code, the Trustee does not need to identify a reason for filing proofs of claim on behalf of the Not For Profit Claimants but, as set forth herein, has supplied several reasons as to why she should be entitled to file a claim on behalf of the Not For Profit Claimants.  *See Yoon v. VanCleef*, 498 B.R. at 867-68;

10

DM3\22002294.4

*see also In re The Glass Men of St. Tammany, LLC*, No. 15-11285, 2017 WL 3912946, at *2 (Bankr. E.D. La. Sept. 6, 2017) ("Section 501(c) clearly allows a trustee or debtor to file a proof of claim on behalf of any claimant"); *In re Schmidt*, 333 B.R. 868, 870 (Bankr. N.D. Fla. 2005) ("[t]he statute [section 501(c) of the Bankruptcy Code] clearly permits the Trustee to file a proof of claim on behalf of a creditor that failed to file one").

47. In this case, the Trustee has an even stronger basis than the trustee in *Yoon* for filing proofs of claim on behalf of the Not for Profit Claimants. As the trustee in *Yoon*, in this case, the Trustee will have assets available to fund distributions to creditors in an amount greater than was anticipated at the outset of the case.

48. However, unlike the facts of the *Yoon* case — which was a consumer chapter 7 case — the Debtor here, in this case, will not exist after the final distribution from the Estate and will not be able to receive amounts that remain in the Estate after all distributions to creditors are made.

49. Indeed, the relief requested in this Motion would promote the efficient administration of the Estate by distributing what would otherwise be an unanticipated surplus of assets to creditors that were listed on Schedule E/F, many of which are non-profit entities.

**RELIEF REQUESTED**

50. The Trustee requests that:

    a. the Motion be Granted and each Not For Profit Claimant listed on **Exhibit B** hereto is "deemed" to have an allowed unsecured claim (albeit late filed) in the amount set forth in the Debtor's Schedules; or, in the alternative, the Trustee is granted leave to file a late proof of claim on behalf of each Not For Profit Claimant listed on **Exhibit B** hereto; and

    b. the Trustee be authorized and empowered to take any and all actions necessary and appropriate to effectuate the relief granted.

11

DM3\22002294.4

**NO PRIOR REQUEST**

51.    No prior request for the relief sought in this Motion has been made.

**NOTICE**

52.    The Trustee will provide notice of this Motion to the parties listed on the Service List attached to the Certificate of Service, or their counsel, if known.  The Trustee respectfully submits that no further notice is required.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the Trustee's Motion such that each Not For Profit Claimant listed on **Exhibit B** hereto is "deemed" to have an allowed unsecured claim (albeit late filed) in the amount set forth in the Debtor's Schedules or, in the alternative, the Trustee is granted leave to file a late proof of claim on behalf of each Not For Profit Claimant listed on **Exhibit B** hereto and granting such other and further relief as this Court deems appropriate or necessary.

Dated:  May 14, 2026
Philadelphia, PA

Respectfully submitted,

**DUANE MORRIS LLP**

By: */s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esquire
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1514
E-mail: LJKotler@duanemorris.com

*Counsel for the Chapter 7 Trustee*

12